UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEIVID JOSE MARTINEZ-GONZALEZ,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-07159-DAD-AC (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. No. 2) |

On September 8, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking immediate release from immigration custody. (Doc. No. 2.) On September 9, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 5.) In that same order, the court directed if respondent opposed the court ruling on the underlying petition based on the current briefing before it, respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 10, 2026, respondent filed a combined opposition to the petition for writ of habeas corpus and motion for temporary restraining order. (Doc. No. 6.) In that opposition, respondent concedes that while "detention in this case was pursuant to 8 U.S.C. §1225(b)(2)(A)," the Ninth Circuit's decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026) compels a finding that § 1226(a) governs petitioner's detention. (*Id.* at 2.) Nonetheless, respondent argues that petitioner is only entitled to seek a custody redetermination hearing before an immigration judge ("IJ") under § 1226(a) and its implementing regulations, not immediate release. (*Id.* at 2–3.) Respondent also indicated that it "has no objection to the Court ruling on the underlying habeas petition." (*Id.* at 1.) In support of its opposition, respondent offers documentation that indicates petitioner was previously released into the United States on his own recognizance and subsequently re-detained by ICE on or about July 10, 2026 when he reported as directed in person at an ICE office in Miami, Florida. (Doc. No. 6-1 at 2.) Respondent also offers evidence that while an IJ ordered petitioner removed, petitioner has a timely appeal of that order which remains pending before the Board of Immigration Appeals. There is no indication that petitioner was provided notice or a pre-detention hearing before he was re-detained.

Here, because petitioner timely filed an appeal of the IJ's removal order and that appeal remains pending, that removal order is not yet final. 8 C.F.R. § 1241.1(a) (stating that a removal order becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals"); *see also Rojas-Lara v. United States*, No. 2:25-cv-02544-RFB-EJY, 2026 WL 172676, at *5 (D. Nev. Jan. 22, 2026) ("[B]ecause Petitioner timely appealed the IJ's November 26, 2025 removal order, and that appeal remains pending before the BIA, he is not subject to a final order of removal and is not detained under § 1231[.]") (citing *Avilez v. Garland*, 69 F.4th 525, 536–38 (9th Cir. 2023)).

In light of the evidence that petitioner was previously released into the United States, the court incorporates the reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, at *2–5 (E.D. Cal. Nov. 21, 2025) and concludes that petitioner re-detention without a pre-detention hearing violates due process because petitioner obtained a liberty interest in his continued freedom when the government released him into this country on his own recognizance.

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Deivid Jose Martinez-Gonzalez, A-File No. 240-212-572, from respondent's custody on the same conditions, if any, he was subject to prior to his re-detention on or about July 10, 2026;

   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and a hearing before an immigration judge where respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;

c. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

d. The Clerk of the Court is directed to serve a copy of this order on the California City Immigration Processing Center; and

e. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **September 14, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE